■ ORANGE AND ROCKLAND UTILITIES, INC., Respondent, v HOWARD OIL COMPANY, INC., Appellant.—Order, Supreme Court, New York County, entered June 24, 1977, denying defendant's motion for summary judgment, unanimously modified, on the law, to the extent of granting defendant's motion for summary judgment dismissing the first and second causes of action in the complaint and, as so modified, affirmed, without costs and disbursements. Defendant supplied fuel oil to plaintiff under two contracts. During the Arab oil embargo, defendant was unable to fulfill the full fuel requirements of plaintiff because of a reduction in defendant's supplies and sources. Accordingly, defendant invoked the *force majeure* provisions of the two contracts and the parties entered into a "best efforts agreement." Plaintiff, under its first cause of action alleging fraud on the part of defendant, maintains that defendant falsely represented that defendant suffered a complete loss of supplies. Documentary evidence discloses that defendant represented that its supplies were disrupted and that to fulfill *all* of the oil requirements of the two contracts would require new purchasers to make up the deficit at greatly increased prices. The evidence does not support plaintiff's claim that defendant represented a total cutoff of supplies, but does support defendant's contention that it represented a curtailment in supplies. Plaintiff's argument that it would not have abandoned the two contracts if it knew that there was only a partial, instead of a total, cutoff of supplies, is not substantiated. The two contracts having been properly canceled, there can be no breach of such contracts regarding the period after their cancellation. It follows that defendant is entitled to

summary judgment dismissing the first cause of action alleging fraud and the second cause of action alleging breach of the two contracts. However, as to the third cause of action for alleged overcharges under the "best efforts agreement," defendant's contention that such claim was barred by a release executed in a prior Federal action is without merit. The release specifically excludes the claims urged by plaintiff in this action. Concur—Lupiano, J. P., Birns, Lane, Sandler and Sullivan, JJ.